STATE ex rel. HEINZE, Relator, *v.* DISTRICT COURT OF SECOND JUDICIAL DISTRICT et al., Respondents.

(No. 2,213.)

(Submitted June 6, 1905.   Decided July 3, 1905.)

*Writ of Supervisory Control—When Issued—District Courts —When Issuance Premature.*

Supervisory Control—When It will Lie.
   1. The writ of supervisory control is one to be seldom issued, and then only when other writs may not issue and other remedies are inadequate, and when the acts of the court complained of as threatened will be arbitrary, unlawful, and so far unjust as to be tyrannical.

District Courts—Supervisory Control—When Issuance Premature.
> 2. While the lower court is proceeding within jurisdiction and before it has exceeded it, the invocation of action on the part of the supreme court by writ of supervisory control or otherwise is premature.

ORIGINAL application for a writ of supervisory control by the state, on the relation of F. Augustus Heinze, against the district court of the second judicial district and George M. Bourquin, a judge thereof.    Dismissed.

*Mr. C. R. Leonard, Mr. J. M. Denny,* and *Mr. M. S. Gunn,* for relator.

MR. JUSTICE MILBURN delivered the opinion of the court.

The petitioner asks for a writ of supervisory control directed to the district court of Silver Bow county and Honorable George M. Bourquin, a judge thereof. The facts relied upon all appear in a former case determined by this court, wherein a writ of prohibition was asked and refused. (*State ex rel. Heinze* v. *District Court et al.,* 32 Mont. 394, 80 Pac. 673.)

The writ of supervisory control is one to be seldom issued, and then only when other writs may not issue and other remedies are inadequate, and when the acts of the court complained of as threatened will be arbitrary, unlawful, and so far unjust as to be tyrannical. In the former proceeding above referred to, we (Mr. Justice Holloway dissenting) declared that it was clearly the duty of the court to take up the motion to strike out the answer and pass upon it. We have not changed our opinion as to such being the duty of the judge and court, and therefore we may not in this proceeding do what we refused to do in the matter of the application for a writ of prohibition above referred to.

If the statute (section 3306 of the Code of Civil Procedure) be invalid, as unconstitutional, and, acting under it, the court below shall strike the answer, and proceed to enter up judg-

ment against the petitioner as upon default of answer, then it will be the proper time to invoke the action of this court in a proper proceeding. To ask for any action on our part while the lower court is proceeding within its jurisdiction, and before it has exceeded its jurisdiction, is premature.

For the reasons above stated, the writ of supervisory control was on June 2, 1905, denied by this court, and the proceeding dismissed.

*Dismissed.*

Mr. Chief Justice Brantly concurs.

Mr. Justice Holloway: I concur in the result reached, but for a reason different from that expressed by the majority of the court in the foregoing opinion. In *State ex rel. Heinze* v. *District Court,* above, I expressed my opinion that prohibition was an available remedy, and that the writ should issue in that proceeding. I am still of that opinion, and therefore think that the writ of supervisory control should not issue now.