STATE EX REL. COLEMAN, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 3,686.)

(Submitted June 28, 1915. Decided July 3, 1915.)

[149 Pac. 973.]

*Contempt—Attorneys—Evidence—Sufficiency — Habeas Corpus
—Supervisory Control.*

*Habeas Corpus*—Supervisory Control—Not Concurrent Remedies.
    1. *Habeas corpus* and supervisory control are not concurrent remedies, and one cannot be invoked in aid of the other. The former challenges the jurisdiction of the lower court, while the latter concedes it.
    [As to *habeas corpus* to obtain relief from imprisonment for contempt, see note in 87 Am. St. Rep. 179.]

Writ of Supervisory Control—Nature of Remedy.
    2. The writ of supervisory control issues to review an action of the district court of a character so arbitrary and unlawful as to be tyrannical.

Same—Attorneys—Contempt—Evidence—Sufficiency.
    3. Evidence in a contempt proceeding on an attorney's application for writ of supervisory control to review a judgment finding him guilty, *held* to sustain the action of the district court, it establishing that the attorney had entered the judge's chambers in the latter's absence and without his consent, procuring a discarded memorandum intended

as a basis for an appropriate minute entry in a cause in which he represented one of the parties, and filing it with the clerk.

Contempt—Proceedings—How to be Entitled.

    4. Contempt proceedings should not be entitled in the case in which the contempt was committed, but a citation should run in the name of the state.

Same—What Constitutes.

    5. Any act done for the purpose of corrupting the records of a court of justice, whether successful or not, constitutes an unlawful interference with the proceedings of the court, under subdivision 9 of section 7309, Revised Codes.

    [As to removal or destruction of subject matter of litigation pending appeal as contempt of appellate court, see note in Ann. Cas. 1912A, 516.]

Original application for writ of supervisory control by the State on the relation of John A. Coleman, against the district court of the tenth judicial district in and for the county of Fergus and Roy E. Ayers, Judge thereof. Motion to quash sustained and proceeding dismissed.

*Messrs. O. W. McConnell* and *A. J. Galen,* for Relator; *Mr. McConnell* argued the cause orally.

*Messrs. Belden & De Kalb,* for Respondents, submitted a brief; *Mr. H. L. De Kalb* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Early in this year there was pending in the district court of Fergus county an action wherein F. H. Stokes was plaintiff and W. A. Long was defendant. The action had been tried, resulting favorably to the plaintiff. The defendant had moved for a new trial upon the minutes of the court and had presented for settlement a statement of the case, under section 6799, Revised Codes. On May 6 counsel for plaintiff served upon counsel for defendant certain proposed amendments to the statement, and thereafter counsel for defendant filed objections to such amendments. On May 18 a hearing upon the settlement was had, and on May 19 a rough draft of a minute entry designed to show the proceedings taken on the day previous was dictated by the court and written out by the court stenographer. John

A. Coleman, attorney for the plaintiff, secured the draft of the minute entry from the stenographer, altered it by erasures and additions, and the same, in that condition, was left upon the judge's desk. On May 24, when the attention of the judge was called to the proposed minute entry as changed, he refused to make use of it, and discarded it by throwing it into his waste-paper basket. On May 26 Attorney Coleman called upon the stenographer for the draft, and, when informed that it was probably upon the judge's desk, asked that the door of the judge's chambers be unlocked, and, when this was done, went into the chambers, searched among the papers upon the judge's desk and elsewhere, and finally found the discarded minute entry in the waste-paper basket, took it, indorsed thereon the title of the court and cause, and the following: "Transcript of original minute entry, made by the court"—and then procured it to be filed by the clerk of court. On May 28, when it was disclosed that this paper had been filed, certain affidavits were presented to the court setting forth the facts, and thereupon a citation was issued to the attorney to show cause why he should not be punished as for contempt. In response to the citation, the accused appeared in person and also presented his affidavit or verified answer. Upon these records a hearing was had, which resulted in a judgment finding the accused guilty of contempt and prescribing punishment by fine and imprisonment in the county jail. Upon being committed, he applied to this court for a writ of *habeas corpus,* which was granted, and upon the return day made the further application for a writ of supervisory control. To the order to show cause, a motion to quash was interposed, and the proceeding submitted.

1. *Habeas corpus* and supervisory control are not concurrent [1] remedies, and one cannot be invoked in aid of the other. The former challenges the jurisdiction of the lower court, while the latter concedes jurisdiction. It is apparent from the affidavit for the writ of *habeas corpus* and the return made to the writ that the petitioner could not hope to secure the desired relief in that proceeding; and we have accordingly treated the

application for the writ of supervisory control as an abandonment of the former proceeding.

2. We are presented with the entire record which was before the lower court in the contempt matter, and from it are to de-
[2]   termine whether the court acted in a manner so arbitrary and unlawful as to be tyrannical. (*State ex rel. Heinze* v. *District Court,* 32 Mont. 579, 81 Pac. 345.)

From the record it appears that the rough draft of the minute entry was prepared only as a memorandum or working basis
[3]   from which the judge proposed to evolve an appropriate order to be entered upon the minutes reciting the proceedings had in court on May 18. That the judge's chambers were entered by the accused in the judge's absence, and this discarded paper taken from the waste-basket and filed with the clerk by the accused, admits of no doubt. The importance of the document, as altered by the attorney, arises from the fact that there was a disagreement between the trial judge and the accused as to the date upon which the defendant had presented to the judge the proposed statement with the amendments and objections. Under sections 6788 and 6796, Revised Codes, made applicable by reference by section 6799, the duty was imposed upon the moving party (in this instance defendant Long) to present the proposed statement and amendments to the judge within ten days from the date upon which the amendments were served. The amendments were served on May 6. May 16 was Sunday, and Monday, the 17th, was the last day upon which the defendant could act and bring himself within the statutory time. The judge of the trial court contended that the papers had been presented to him on the 17th, while the accused insisted that they were not presented until the 18th, or one day after the time allowed by law had expired. In the rough draft of the minute entry as filed by the accused, the day of presentation was written May 18, 1915. Notwithstanding this date appeared in the memorandum as dictated by the judge, it is apparent from the record that the accused attorney knew, at the time he filed the memorandum, that it was not the intention of

the judge to have the court minutes recite that the papers were presented on the 18th, but that it was his intention to have the record disclose that the presentation had been made on the 17th, and within the time allowed by law.

From the fact that the accused procured to be filed the discarded paper wherein was the recital that the presentation was made on May 18, from the fact that the accused indorsed the discarded memorandum, "Transcript of original minute order made by court"; from the fact that the accused secured the discarded paper by entering the judge's chambers in the absence of the judge, and upon the hypothesis that no other possible purpose could have been intended, the court found that the purpose of the accused was to corrupt the records of the court by procuring the minutes to be entered containing a false recital, and one which disclosed that the defendant in *Stokes* v. *Long* had no right to have the statement settled. If, from the record before it, the lower court could fairly draw the inference indicated, then we have no right to interfere.

There were some slight conflicts in the evidence presented by the affidavits. For instance, the accused insisted that he dictated a portion of the rough draft of the minute entry in the presence and at the suggestion of the judge himself, while the affidavits of the judge and stenographer make it appear that the draft was dictated by the judge alone. Whatever conflicts there were in the evidence were resolved by the trial court against the accused, and we cannot say that the decision upon this question was not justified.

Any court which would relinquish to interested parties the right to interfere with its records, and particularly to the extent of permitting such parties to dictate the minutes of the court, so that they would not correctly represent its proceedings, would forfeit all claim to respect; and any attorney who attempts clandestinely to manipulate the records of the court in his own interest or the interest of his client breaches the obligation of his oath of office and is guilty of contempt of court, as defined in subdivisions 3 and 9 of section 7309.

Without detailing at length the evidence before the lower court, we content ourselves with saying that, in our opinion, the inference of guilt is a legitimate one to draw from the facts disclosed.

Certain technical objections are urged against the proceedings taken in the lower court, but conceding that contempt proceed- [4] ings should not be entitled in the principal case, and that a citation should run in the name of the state of Montana, still the errors committed could not prejudice any substantial right of the accused. If, upon the hearing, the presiding judge employed language which might better have been omitted, this of itself is inconsequential. A trial judge may sometimes feel that the occasion justifies the expression of righteous indignation, even from the bench. The record fails to indicate that the court was actuated by passion or prejudice in arriving at or pronouncing the judgment.

Assuming that the evidence establishes the guilt of the accused, the enormity of the offense justifies the punishment imposed. The record discloses a needless colloquy between the court and the accused at the hearing, but it fails to show that the accused was denied any right to which he was entitled. On the contrary, it appears therefrom that he was content to rest his case upon the defense set forth in his affidavit. It does not aid the accused to say that the court finally had the minutes recite the facts stated in the draft as altered, with the exception of the date. The date was the matter of primary importance. Neither does it answer to say that no harm actually resulted from the acts of the accused, or that the clerk probably would not have entered up the minutes in accordance [5] with the terms of the discarded memorandum. Any act done for the purpose of corrupting the court's records, whether successful or not, constitutes an unlawful interference with the proceedings of the court, and, when an attorney is the author of the act, he violates the duty enjoined by his position.

The punishment imposed is within the limits prescribed by section 7318, Revised Codes. In attacking the judgment which

provides for imprisonment until the fine is paid, counsel for the accused fails to discriminate between the judgment authorized by law to be entered and the means which may lawfully be employed to compel satisfaction of the judgment. (Rev. Codes, sec. 9379.)

The motion to quash the order to show cause is sustained, and the proceeding is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

Rehearing denied October 7, 1915.