STATE EX REL. HUBBERT, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,190.)

(Submitted March 2, 1918. Decided March 7, 1918.)

[171 Pac. 784.]

*Supervisory Control—Receivers—Appeal—Adequate and Speedy Remedy.*

Supervisory Control—Nature of Writ.
    1. The writ of supervisory control issues to prevent a failure of justice, by supplying a means for the correction of manifest error committed by the trial court within jurisdiction, where there is no other adequate remedy and gross injustice is threatened.

Same—Receivers—Appeal Adequate Remedy.
    2. Since under section 7099, Revised Codes, an order appointing a receiver is appealable, and such an appeal will present the question whether the district court committed error in denying a motion to annul the order of appointment, supervisory control does not lie to review the latter order.

Same—Receivers—Appeal Speedy Remedy.
    3. Under the rules of the supreme court, an appeal from an order appointing a receiver is entitled to advancement; hence, the remedy by appeal is not only adequate (par. 2, above), but also speedy.

(472)

Application for Writ of Supervisory Control to review an order of the District Court of Hill County refusing to annul an order appointing a receiver.   Proceedings dismissed.

*Mr. Jos. P. Donnelly,* for Relator, submitted a brief and argued the cause orally.

*Mr. Henry C. Smith* and *Mr. Thomas D. Long,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In the case of *Masterson et al.* v. *Hubbert,* pending in the district court of Hill county, the trial court, at the instance of the plaintiffs and without notice to defendant, appointed a receiver to take charge of the property in controversy.   The defendant moved the court to annul or abrogate the order appointing the receiver and, the motion being denied, applied to this court for a writ of supervisory control.

The remedy sought is an extraordinary one.   The writ never [1]   issues as a matter of course.   It is authorized by the Constitution out of abundance of caution, to prevent a failure of justice by supplying a means for the correction of manifest error committed by the trial court within jurisdiction where there is no other adequate remedy and gross injustice is threatened. (*State ex rel. Carroll* v. *District Court,* 50 Mont. 428, 147 Pac. 612.)   If the statute provides a remedy which will afford the same or equivalent relief, it must be pursued.

The motion to abrogate the order appointing the receiver was [2]   made upon the records and files in the case.   The only records in the case at that time were the complaint and order of appointment.   By section 7099, Revised Codes, the order appointing the receiver is appealable and an appeal would present for consideration the entire record upon which the motion to abrogate was made, and therefore every question raised before the lower court or which may be raised on this application could

be raised on the appeal. If the order should be reversed on appeal, the effect would be to blot out the receivership as from the beginning. In other words, the appeal would accomplish the same result as would have been accomplished if the trial court had sustained defendant's motion and the same result as would now be accomplished if on this application we should direct the lower court to annul its order. The fact that a motion to annul the order of appointment was made and denied does not affect the right to appeal from the original order, and the time within which an appeal from such order may be taken [3] has not expired. It follows that in this instance the statutory remedy is adequate. It is also speedy, for under the rules of this court such appeal is entitled to advancement as of right.

For these reasons this application is denied and these proceedings are dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.