Engdahl v. Laverty.

been granted, I respectfully dissent from the opinion of the majority.

---

WILLIAM B. ENGDAHL, APPELLANT, V. JAY LAVERTY ET AL., APPELLEES.

FILED JULY 13, 1923. No. 22473.

1. **Parties:** INTERVENERS. The statute permitting intervention before trial as a matter of right does not prevent a court of equity, in the exercise of discretion in furtherance of justice, from allowing intervention after the trial has begun.

2. ————: FORECLOSURE: INTERVENTION AFTER DECREE. While leave to intervene after the entry of a final decree is not allowable as a matter of right and is generally denied, a court of equity, subsequent to the entry of an unexecuted decree foreclosing a mortgage, may, in the exercise of discretion in furtherance of justice, permit the owner of the mortgaged land to intervene in the foreclosure suit, upon proper pleas and sufficient proof, disclosing that he had good reasons for not appearing earlier, that he was deprived of his title without consideration by means of fraud, and that plaintiff is chargeable with knowledge of the fraud and of intervener's rights.

3. **Deeds:** CANCELATION. A court of equity may cancel a deed procured from the owner of the land without consideration by means of fraud and may also cancel a mortgage given to secure a debt owing by a subsequent grantee to the mortgagee, if the latter is chargeable with notice of the fraud and of the equitable rights of the person defrauded.

4. **Vendor and Purchaser:** POSSESSION: NOTICE. Possession of land is notice to the world of the possessor's interests therein.

5. ————: ————: ————. Possession of land by a tenant is not only notice to the world of his rights as lessee, but is notice of other interests of which inquiry would elicit knowledge.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. Affirmed.

A. H. Murdock, for appellant.

Sullivan, Squires & Johnson, contra.

Heard before LETTON, ROSE, DAY and ALDRICH, JJ., REDICK, District Judge.

ROSE, J.

This litigation was begun by the filing of a petition to foreclose a mortgage on a tract of land in Cherry county. The mortgage was given to secure the payment of a note for $4,000, dated August 5, 1912, and due August 1, 1913. William B. Engdahl was payee and mortgagee. He was plaintiff in the foreclosure suit. The makers of the note were Laverty Brothers, by Jay Laverty; "Laverty Brothers" being the name of a corporation of which Jay Laverty was an officer. The mortgagors were Jay Laverty and wife, defendants. There were other defendants whom plaintiff alleged claimed some interest in the land described in the mortgage. The suit was begun June 17, 1918. There was no defense by any defendant. October 1, 1919, the district court found the amount due plaintiff on the note and mortgage to be $6,796.66, and entered a decree of foreclosure. October 18, 1919, before the decree was executed, William E. Gregory was allowed to intervene as a party defendant. He filed on that date an answer and a cross-petition, containing pleas that he is sole owner of the land; that he acquired it as a homestead, having made final proof April 19, 1910, and having subsequently received the patent; that Emmett Nutter, one of the defendants, procured from intervener without consideration by means of fraud a warranty deed to the land; that, through mesne conveyances from the fraudulent grantee, Jay Laverty, mortgagor, claimed to have title; that intervener by himself or lessees had been in continuous possession of the land, and that his ownership and rights were known to the grantees in all the transfers and to plaintiff, the mortgagee. Intervener prayed for the cancelation of the mortgage and all conveyances, except the final receipt and patent, and for the quieting of his title. After the district court overruled a motion to strike the pleadings of intervener from the record, plaintiff filed an answer, claiming to be a mortgagee in good faith and putting in issue the facts upon which the equitable rights of intervener were based. Upon a full hearing the

trial court set aside the decree of foreclosure, canceled the apparent lien of the mortgage and the conveyances through which Jay Laverty acquired title, and quieted the title in intervener. Plaintiff has appealed.

It is first argued that a petition to intervene must be filed before trial, that the right of intervention terminates with the final decree, and that the trial court erred in overruling the motion to strike intervener's pleadings from the record. In this connection reference is made to the statutory right of intervention before trial. Comp. St. 1922, sec. 8552. Intervention under this statute is a matter of right, but does not prevent a court of equity in the interests of justice from allowing a proper party to intervene after the trial has begun. *State v. Farmers State Bank,* 103 Neb. 194.

Was intervention properly allowed 17 days after entry of the unexecuted decree of foreclosure? Leave to inter· vene after the entry of a final decree is not allowable as a matter of right and should seldom be granted, but equity sometimes requires a departure from the general rule. In the light of both reason and precedent it has been said:

"Applications for leave to intervene after entry of a final decree are unusual, and generally have been denied. There are instances, however, where petitions for leave to intervene have been filed and granted after decree." 21 C. J. 345, sec. 346.

The present instance seems to be one for the granting of leave to intervene after entry of the decree of fore-closure. If intervener pleaded the truth, his land was subject to judicial sale to discharge an apparent lien having no foundation in justice or equity but tainted with fraud. In a suit to which he was not a party, a court of equity had ordered the sale of his land at the suit of a mortgagee chargeable with knowledge of his rights and of the fraud perpetrated upon him. The decree of foreclosure had not been executed. Consider· ing plaintiff a mortgagee in good faith, the right of the

equitable owner to redeem the land still existed. The court had jurisdiction of the decree for the purpose of enforcing it or for setting it aside for fraud upon a proper showing and notice. The land was a subject of equitable action common to both the petition of plaintiff and the cross-petition of intervener. After intervener appeared, the necessary parties were before the court. In an independent suit in equity the facts pleaded would have been sufficient to justify the vacating of the decree. To permit a judicial sale under the decree after the fraud had been called to the attention of the court would tend to lower the purchase price, to complicate the equitable title still further, to increase the costs of litigation, and to embarrass without reason both the real owner and the purchaser. The evidence upon which the trial court acted in sustaining the application to intervene is not in the record and there is nothing to show that it was insufficient. The circumstances pleaded sustain the court of equity, in the exercise of discretion, in permitting the intervention after the entry of the decree. To have done otherwise would have been inequitable. An independent suit by intervener to protect his right was unnecessary.

On the merits of intervention it is argued that the evidence does not sustain the finding that Nutter procured the deed from intervener by fraud. The position thus taken does not seem to be tenable. Without going into details, the more convincing proofs tend to show that Nutter got intervener drunk, pretended to enter into partnership with him to deal in horses, exacted the deed for the purpose of borrowing $5,000 to be invested as intervener's capital, betrayed his trust, paid no consideration for the deed except $70, which intervener offers to return, refused to reconvey the title and transferred it to a third person in furtherance of a scheme to swindle intervener out of his land. On the issue of fraud the finding on appeal is the same as that of the trial court.

Plaintiff argues further, as a reason for reversing the judgment of the lower court, that he lent $4,000 to Jay Laverty and accepted the mortgage as security on the strength of the latter's title without any notice or knowledge of intervener's right, that a representative of plaintiff had made an inspection and had found the land vacant, and that the evidence is insufficient to sustain a finding that intervener had been in continuous possession. It seems to be shown by a fair preponderance of the evidence that intervener, from the time of establishing his homestead rights, had been in continuous possession of the land either by himself or tenant. Possession of land is notice to the world of the possessor's interests therein. Possession of land by a tenant is not only notice to the world of his rights as lessee, but is notice of other interests of which inquiry would elicit knowledge. *Dengler v. Fowler*, 94 Neb. 621. While a representative of plaintiff testified that, before the making of the loan, he approved the title of mortgagors, visited the premises, found no one in possession and so reported to plaintiff, the better view of the evidence on this issue leads to the conclusion that his inspection and inquiry did not extend far enough to refute the evidence that intervener at the time, by himself or tenant, was in actual possession as owner. A sufficient inspection of the land, consisting, as it did, of an area equivalent to a section, and a proper inquiry, would have disclosed the possession and equitable rights of intervener. No error has been found upon consideration of all assignments.

AFFIRMED.