STATE ex rel. LARSEN, Relator, v. DISTRICT COURT
ET AL., Respondents.

(No. 6,107.)

(Submitted February 21, 1927. Decided March 8, 1927.)

[254 Pac. 414.]

*Mandamus — Discretion — Supervisory Control — Writ Issues
Only in Exigent Cases.*

Mandamus Issues, When.
    1. Mandamus is not a writ of right; it issues only in the discretion of the court and will only be allowed in furtherance of justice in a proper case. In determining whether it shall issue or not, the court is not bound to take the case as the applicant presents it; it may consider defendant's rights, the interests of third persons, the importance or unimportance of the case and the applicant's conduct.

Same—When Writ will not Issue.
    2. The writ of mandate will not issue where the applicant has a plain, speedy and adequate remedy in the ordinary course of law; if he has an adequate remedy in equity, as by the issuance of an injunction, the court in the exercise of its discretion may refuse the writ.

Same—What District Court may Take into Consideration in Determining Matter of Issuance.
    3. *Quaere:* To what extent may the district court, in determining whether or not a writ of mandate should run, avail itself of knowledge obtained by it in a former proceeding involving the same issues?

Same—Refusal Held not Abuse of Discretion.
    4. Refusal of the district court to issue an alternative writ of mandate directed to the trustees of a school district to compel them to cancel a contract for the erection of a schoolhouse and to re-advertise for bids, *held* not an abuse of discretion under the circumstances presented.

Supervisory Control—Lies, When.
    5. The writ of supervisory control lies to control the course of litigation where inferior courts, proceeding within jurisdiction, by mistake or in wilful disregard of law, are doing gross injustice and there is no appeal or that remedy is inadequate; it is one to be seldom used and may be employed only in exigent cases to remedy manifest wrongs which cannot otherwise be righted.

---

1. See 18 R. C. L. 137.
2. Existence of equitable remedy as ground for refusing to issue writ of *mandamus*, see notes in 98 Am. St. Rep. 866; 3 L. R. A. 777. See, also, 18 R. C. L. 136.
5. See 18 R. C. L. 301.

Same—Will not Run, When.
6. *Held,* under the above rule (par. 5), that in the absence of a showing that petitioner for a writ of supervisory control to review the action of the district court in denying to issue an alternative writ of mandate could not secure adequate relief by way of appeal and that his case was exigent, the writ will not issue.

---

[1] Mandamus, 38 **C. J.**, sec. 8, p. 545, n. 51; sec. 16, p. 547, n. 85, 86; sec. 18, p. 549, n. 92, 98; sec. 19, p. 550, n. 6; sec. 20, p. 550, n. 13; sec. 22, p. 551, n. 16; sec. 30, p. 558, n. 67.
[2] Mandamus, 38 **C. J.**, sec. 31, p. 558, n. 74; p. 560, n. 79; sec. 33, p. 563, n. 99.
[3] Mandamus, 38 **C. J.**, sec. 680, p. 920, n. 28.
[4] Mandamus, 38 **C. J.**, sec. 333, p. 732, n. 42 New; sec. 752, p. 949, n. 71.
[5] Courts, 15 **C. J.**, sec. 446, p. 1026, n. 37; sec. 521, p. 1094, n. 86.
[6] Courts, 15 **C. J.**, sec. 446, p. 1026, n. 38; sec. 521, p. 1094, n. 86.

Original application by Alexander T. Larsen for a writ of supervisory control requiring the District Court of the Third Judicial District in and for Powell County and George B. Winston, the Judge thereof, to issue an alternative writ of mandate to the trustees of School District No. 20, Powell County. Proceeding dismissed.

*Mr. W. E. Keeley,* for Relator, submitted an original and a supplemental brief and argued the cause orally.

*Mr. S. P. Wilson* and *Mr. E. M. Keeley,* for Respondents, submitted a brief; *Mr. Wilson* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

On January 24, 1927, Alexander T. Larsen, representing himself to be the duly appointed, acting and qualified executor (*sic*) of the estate of Anna G. Hansen, deceased, applied to the district court of Powell county for the issuance of an alternative writ of mandate to be directed to the trustees of School District No. 20, Powell county, commanding them to perform certain acts which will be mentioned later. In his application he advised the court that the estate of which he is the representative is a taxpayer within the school district,

assessed for taxes for the upkeep, maintenance and building of schools and schoolhouses therein, and financially affected and injured by the acts of the trustees which are complained of.

He averred that on the 18th of November, 1926, the clerk of the school district, without authority from the board of trustees, caused to be published in a newspaper of the county a notice that the board would receive ·bids for the purpose of erecting a schoolhouse at Garrison under the specifications of Plan B–2 of the Montana state board of health, bids to be opened December 3, 1926, at 2 P. M. at the office of the clerk of the school district at Garrison; that prior to the hour fixed in the notice, several bids were delivered to the clerk, among them the bids of J. D. Mizner and C. L. Anderson; that the board did not meet at the time fixed but on that evening, at 6:50 P. M., two members of the board met at the residence of one of them and attempted to accept the bid of Anderson and to enter into a contract with him; that on the 18th of December, without any notice of a meeting as required by law, the three trustees, together with the clerk and the county attorney of Powell county, convened at a meeting without knowledge of any other persons and rescinded and rejected all actions taken by a majority of the board on December 3, and rescinded the contract entered into upon that date with Anderson and proceeded to reopen and reconsider all of the bids which had been presented on or prior to December 3, and without re-advertising for bids, attempted to accept the bid° of Anderson for the building of the schoolhouse; that Anderson's bid was not in accordance with the published notice for bids, but "was in accordance with plans and specifications apparently made by himself, and contrary and different from the plans and specifications set out in the published notice for bids"; that the bid of Mizner was the lowest bid offered and more than $80 lower than that of Anderson; that the action of the trustees in accepting Anderson's bid or in attempting to accept it "constituted and was a private

contract between said trustees and said C. L. Anderson, and contrary to law.''

It was further alleged that the notice, the action of the trustees in rejecting all bids and thereafter accepting a bid without re-advertising for bids, and the action of the trustees in attempting to make a private contract with Anderson, all were void.

Relator therefore prayed that an alternative writ issue commanding the trustees to convene as a board and to reject all bids offered pursuant to the notice and to cancel the contract between them and Anderson, for the reason that said contract in effect was a private contract, and to re-advertise as provided by law for bids for the building of the schoolhouse, or to show cause before the court why they should not do so. Upon consideration, the court refused to issue the alternative writ of mandate. The relator then made application to this court for a writ of supervisory control to be directed to the district court, requiring it to issue the writ prayed for or to show cause why it should not do so. Upon this application an order to show cause was issued. This has been met by a motion to quash which challenges the legal sufficiency of the application, and also by a return which sets forth the reasons why the court refused to issue the alternative writ asked for. Among other recitations the respondents allege that on the thirteenth day of December, 1926, in a similar proceeding, upon the application of two taxpayers of the district, the district court issued an alternative writ of mandate directed to the trustees of the school district, and in due time a hearing thereon was had; in that proceeding the alleged illegality of the identical notice for bids was in issue, and testimony in reference to the publication and validity of the notice was offered in evidence; all the facts and circumstances relative to the making of the contract by the board of school trustees were placed in evidence and submitted to the court for decision; and after consideration the court, upon December 24, 1926, found the petition for a writ of mandate without merit

and dismissed the action; that by reason of the pendency of the former proceeding the court had full knowledge of the facts and circumstances set forth in relator's petition filed January 24, 1927, and in the exercise of its discretion the court decided Larsen's petition to be without merit; that Larsen's petition was not made by a party beneficially interested and not in good faith; that the issuance of a writ would not promote substantial justice; that the applicant would not suffer any injury, financial or otherwise; and therefore the court denied the issuance of the writ.

Mandamus is not a writ of right. It issues only in the discretion of the court and will be allowed only in furtherance of justice in a proper case. (*State ex rel. Donovan* v. *Barret,* 30 Mont. 203, 81 Pac. 349; 18 R. C. L. 137.)

[1]

"The applicant must in all cases substantially demonstrate the propriety and justice of his case. Nor is the court bound to take the case as the applicant presents it. It may consider defendant's rights, the interests of third persons, the importance or unimportance of the case, and the applicant's conduct in determining whether or not the writ shall go." (26 Cyc. 144; *State ex rel. Danaher* v. *Miller,* 52 Mont. 562, 160 Pac. 513; *State ex rel. Crow* v. *Boonville Bridge Co.,* 206 Mo. 74, 103 S. W. 1052; *State ex rel. Lyons* v. *Bank of Conception,* 174 Mo. App. 589, 163 S. W. 945; 38 C. J. 549.)

The writ will not issue where the applicant has a plain, speedy and adequate remedy in the ordinary course of law (sec. 9849, Rev. Codes 1921). If the applicant has an adequate remedy in equity, as by the issuance of an injunction, that fact may influence the court in the exercise of its discretion to refuse the writ in the particular case. (38 C. J. 563; *State ex rel. Lyons* v. *Bank of Conception, supra; People ex rel. Frost* v. *New York Central & Hudson River R. R. Co.,* 168 N. Y. 187, 61 N. E. 172; *State ex rel. Chandler* v. *Manchester & Lawrence R. R.,* 62 N. H. 29.)

[2]

We brush aside the question as to whether relator is qualified, as a person beneficially interested, to maintain this pro-

[3] ceeding. Nor do we feel called upon to express an opinion as to the extent to which the judge could avail himself of knowledge of a former proceeding involving the same issues in determining whether he would or would not issue a writ [4] in this. We deem it sufficient to say, without discussing the case in further detail, that we are satisfied the district court did not abuse its discretion in refusing to issue the alternative writ.

There is another insuperable obstacle to relator's success in [5] this proceeding. We have been asked to exercise the supervisory power of this court and to review the action of a district court which has refused to issue a writ of mandamus, and to compel that court to do so. The purposes and limitations of the writ of supervisory control were first announced by Mr. Chief Justice Brantly in *State ex rel. Whiteside* v: *District Court*, 24 Mont. 539, 63 Pac. 395, in which it was said that the power of supervisory control was conferred upon this court to enable it to control the course of litigation in the inferior courts where those courts, proceeding within jurisdiction, but by mistake of law or in wilful disregard of law, are doing gross injustice and there is no appeal or. the remedy by appeal is inadequate. (*State ex rel. Bonners Ferry Lumber Co., Ltd.*, v. *District Court*, 69 Mont. 436, 222 Pac. 1050.) The writ is one to be seldom used and may be employed only in exigent cases to remedy manifest wrongs which cannot otherwise be righted. (*State ex rel. Harris* v. *District Court*, 27 Mont. 280, 70 Pac. 981; *State ex rel. Heinze* v. *District Court*, 32 Mont. 579, 81 Pac. 345; *State ex rel. Peel* v. *District Court*, 59 Mont. 505, 197 Pac. 741.)

The exercise of the right "has always been confined in its use to exigencies arising during the progress of litigation in inferior courts to remedy manifest wrongs which cannot otherwise be righted, and which will result in irreparable damage unless relief is granted." (*State ex rel. Grogan* v. *District Court*, 44 Mont. 72, 119 Pac. 174; *State ex rel. Nipp* v.

*District Court,* 46 Mont. 425, Ann. Cas. 1916B, 256, 128 Pac. 590.)

The proceeding "will not lie unless there is no appeal or the remedy by appeal is inadequate (*In re Weston,* 28 Mont. 207, 72 Pac. 512; *State ex rel. Carroll* v. *District Court,* 50 Mont. 428, 147 Pac. 612); and we cannot permit it to be used as a convenience or shorter route to precedence over other causes equally entitled to our consideration." (*State ex rel. Topley* v. *District Court,* 54 Mont. 461, 171 Pac. 273.)

In the case at bar relator had the right of appeal but he **[6]** did not seek to have judgment entered upon the court's order and to appeal therefrom. The mere fact that one has the right of appeal will not of itself compel a denial of the remedy of supervisory control; the power may be invoked nevertheless if the case is exigent and the remedy by appeal inadequate. (*State ex rel. Jerry* v. *District Court,* 57 Mont. 328, 188 Pac. 365; *State ex rel. Bonners Ferry Lumber Co., Ltd.,* v. *District Court, supra.*)

"The writ never issues as a matter of course. It is authorized by the Constitution out of abundance of caution, to prevent a failure of justice by supplying a means for the correction of manifest error committed by the trial court within jurisdiction where there is no other adequate remedy and gross injustice is threatened." (*State ex rel. Hubbert* v. *District Court,* 54 Mont. 472, 171 Pac. 784.) No such showing is made here. There has not been presented a case so exigent as to warrant us in exercising the extraordinary power of supervisory control.

The proceeding is dismissed.

*Dismissed.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.