STATE ᴇx Rᴇʟ. THELEN, Rᴇʟᴀᴛᴏʀ, *v.* DISTRICT COURT ᴇᴛ ᴀʟ., Rᴇꜱᴘᴏɴᴅᴇɴᴛꜱ.

(No. 7,062.)

(Submitted October 17, 1932. Decided December 19, 1932.)

[17 Pac. (2d) 57.]

*Messrs. Freeman, Thelen & Freeman,* for Relator, submitted a brief; *Mr. J. N. Thelen* argued the cause orally.

152

*Mr. Louis P. Donovan,* for Respondents, submitted a brief and argued the cause orally.

154

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This proceeding invokes the supervisory power of this court to annul an order of the district court. The order complained of was entered in an action brought on June 20, 1931, by Ke-Sun Oil Company, as plaintiff, against Sunburst Oil & Refining Company, Ferdig Oil Company and Oil Well Supply Company, defendants.

The suit was one to quiet title. The defendants Sunburst Oil & Refining Company and Oil Well Supply Company defaulted. The default of the latter company was entered on July 28. The Ferdig Oil Company appeared in the action first by demurrer and later by answer, and the cause was set for trial on September 25. On September 22 relator served and filed his petition for intervention, which, on his application, was brought on for hearing on September 25, the day of the trial. In his petition relator alleged that the Oil Well Supply Company had a lien upon the property described in the complaint, which was filed on December 20, 1928, while the Ferdig Company was the owner of the property; that it had brought action against the Ferdig Oil Company and Ray Nadeau to foreclose the lien in which a judgment of foreclosure had been entered on June 2, 1931, in the respondent court; and that pursuant to that judgment, all of the right, title, and interest of the Ferdig Oil Company in the property was sold on July 10 to relator at a sheriff's sale. It stated facts sufficient in all respects to constitute a cause of action, and to show that he would be adversely affected by the decree which might be rendered in the action.

The court denied relator's petition for intervention on September 25, and the cause proceeded to trial. The plaintiff prevailed and judgment was entered in its favor on September 28.

This application, filed September 27, 1932, questions the propriety of the court's order in denying relator's petition for intervention. Respondents in this proceeding have filed a mo-

tion to dismiss the proceeding upon the ground that the application to this court was not timely, and that the facts set forth do not show any error committed by the respondent court or judge thereof. It is contended that, since an appeal from a judgment must be taken within six months after its entry (sec. 9732, Rev. Codes 1921), by analogy the supervisory power of this court cannot be exercised after six months from the entry of judgment.

By section 2 of Article VIII of the Constitution, it is provided that the supreme court "shall have a general supervisory control over all inferior courts, under such regulations and limitations as may be prescribed by law." No regulations or limitations have been prescribed by law. The writ will issue to prevent a failure of justice through arbitrary and unlawful action where there is no right of appeal or other adequate remedy, and the case is exigent. (*State ex rel. Hubbert* v. *District Court*, 54 Mont. 472, 171 Pac. 784; *State ex rel. Coleman* v. *District Court*, 51 Mont. 195, 149 Pac. 973; *State ex rel. Carroll* v. *District Court*, 50 Mont. 428, 147 Pac. 612; *State ex rel. Larsen* v. *District Court*, 78 Mont. 435, 254 Pac. 414.)

There being no time prescribed by law for invoking the remedy by supervisory control, it is in time if applied for within a reasonable time after the action sought to be remedied was taken. (11 C. J. 146.) Of necessity whether the application was made within a reasonable time must be decided on the facts and circumstances of each particular case. Here, though it has been held that there is no appeal from an order denying the right of intervention (*Equity Co-op. Assn.* v. *Equity Co-op. Milling Co.*, 63 Mont. 26, 206 Pac. 349; *State ex rel. Red Lodge-Rosebud Irr. Dist.* v. *District Court*, 75 Mont. 132, 242 Pac. 431), relator took an appeal from the order and from the judgment. The appeal was dismissed on May 24, 1932.

While a mistake in the law is no excuse sufficient to set aside a default (*Mantle* v. *Casey*, 31 Mont. 408, 78 Pac. 591), nor to extend the time for a writ of review (*State ex rel. Blackman*

v. *Superior Court,* 82 Wash. 134, 143 Pac. 889), still we think we should consider the fact that relator attempted to appeal in determining whether he has been 'guilty of unreasonable delay in applying for the writ. Likewise, after the appeal was dismissed, this court was in recess, and some members of the court know that this fact delayed relator for some time. Under all of the circumstances we cannot say that the relator has been guilty of laches in applying for the writ. In so holding we bear in mind that we determine the question not only by lapse of time, but by the lack of any showing of prejudice to the rights of the adverse party by reason of the delay. (*State ex rel. Bailey* v. *Edwards,* 40 Mont. 313, 106 Pac. 703; and compare 11 C. J. 146.)

Did the court err in denying relator's petition to intervene? Under our statute, any person may before trial intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. (Sec. 9088, Rev. Codes 1921.) It is contended that the court properly denied relator's petition to intervene because he did not tender a complaint for filing.

By section 9088 it is provided that "an intervention * * * is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared." This statute contemplates that two things must occur in accomplishing an intervention. The first is that there shall be filed a petition asking leave to intervene. If leave be granted, the complaint must then be filed. The first can be filed as matter of course; the second only upon leave of court. The better practice is to serve a copy of the complaint in intervention with the petition asking leave to intervene, and, if leave is granted, the complaint should be filed forthwith.

We think, however, that petitioner should not have been denied the right to intervene for failure to tender a complaint in this case. The petition asking leave to intervene stated facts sufficient to show petitioner's interest in the property, and

showed the grounds upon which the intervention rests. It gave the adverse party as much information in that regard as could a complaint filed upon leave of court. Also, it does not appear that petitioner could or would not have filed his complaint immediately upon leave being granted.

The fact that the granting of leave to intervene would have delayed the trial and necessitated the framing of new issues (*State Bank* v. *Schultze,* 63 Mont. 410, 209 Pac. 599) would be no justification for denying the petition when it was presented before the trial, as here. (*Barber* v. *Anderson,* 73 Utah, 357, 274 Pac. 136, and compare *Paine* v. *Copper Belle Min. Co.,* 13 Ariz. 406, 114 Pac. 964; *Engdahl* v. *Laverty,* 110 Neb. 672, 194 N. W. 862; *People's Bank of Jacksonville* v. *Virginia Bridge & Iron Co.,* 94 Fla. 474, 113 South. 680; *Richfield Oil Co.* v. *Western Machinery Co.,* (C. C. A.) 279 Fed. 852.)

In any event, it does not necessarily appear that the trial of the case would have been delayed had petitioner been allowed to intervene. Prompted by a desire to do no injustice, and to render complete justice, courts allow the right of intervention in an equity case with liberality, when the petitioner's rights will be directly affected by the decree. (21 C. J. 341.)

Contention is also made that it was proper to deny the petition because, at the time it was filed, the Oil Well Supply Company was already in default and its default had been duly entered. Its default was not entered until more than two weeks after relator had purchased the property at the foreclosure sale. At the time its default was entered it had no interest in the property involved in the litigation. Also, relator here is not in privity with the Oil Well Supply Company so as to be precluded by a judgment rendered against it. (*Westcott* v. *Catencamp,* 190 Wis. 520, 209 N. W. 691.)

At the foreclosure sale relator became the successor in interest of the Ferdig Oil Company. (*Hurxthal* v. *St. Lawrence Boom & Lumber Co.,* 53 W. Va. 87, 44 S. E. 520, 97 Am. St. Rep. 954.) It, and not the Oil Well Supply Company, was the alleged owner of the property prior to the judicial

sale. Upon that sale all the right, title and interest of the Ferdig Oil Company in the property involved, and not that of the Oil Well Supply Company, passed to relator. The Ferdig Oil Company was not in default at the time relator petitioned to intervene, but had filed its answer.

Subdivision 2, section 10558, Revised Codes 1921, provides: "The effect of a judgment or final order in an action or special proceeding before a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows: * * * 2. In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title, and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding."

In view of this statute, if relator at the time he purchased the property had notice, actual or constructive, of the pendency of the action brought by the Ke-Sun Oil Company against the Ferdig Oil Company, he would be bound by any judgment rendered against the Ferdig Oil Company, his predecessor in interest. If he knew of the pendency of that action when he purchased the property, he would now be precluded from maintaining a suit to quiet title against the Ke-Sun Oil Company, and would be remediless. Under the circumstances he properly petitioned the court for leave to intervene before the trial, and before any judgment was rendered against the Ferdig Oil Company, in order to have his rights adjudicated. He should have been permitted to intervene in the action.

The case of *Martin* v. *Lawrence,* 156 Cal. 191, 103 Pac. 913, cited and relied upon by respondents, is not in point here, for there the intervener had acquired his interest by direct conveyance from the party in default, and did so after the recording of a *lis pendens* in the action in which intervention was sought. And the case of *Stern & Goodman Inv. Co.* v.

*Danziger,* 206 Cal. 456, 274 Pac. 748, was one in which the interveners claimed as successors to those in default.

The court erred in denying relator the right to intervene. The writ will issue as prayed for.

MR. CHIEF JUSTICE CALLAWAY, MR. JUSTICE MATTHEWS, HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, and HONORABLE LYMAN H. BENNETT, District Judge, sitting in place of MR. JUSTICE FORD, disqualified, concur.