THE STATE OF MONTANA EX REL. JACK C. ESTES, RELATOR, v. THE JUSTICE COURT OF JEFFERSON COUNTY, BOULDER, MONTANA, AND WILLIAM J. PENDERGAST, JUDGE THEREOF, RESPONDENTS.

No. 9495.
Submitted January 6, 1955. Decided May 27, 1955.
284 Pac. (2d) 249.

M. K. Daniels, Deer Lodge, for relator.

Arnold H. Olsen, Atty Gen., C. W. Leaphart, Jr., Asst. Atty. Gen., John F. McGough, County Atty., Boulder, for respondent.

Mr. Daniels, Mr. McGough and Mr. Leaphart argued orally.

MR. JUSTICE DAVIS:

On June 29, 1954, the relator Estes pleaded guilty in the re-

spondent justice court before the respondent justice of the peace for Boulder Township of Jefferson County to a charge of operating a motor vehicle while under the influence of intoxicating liquor. He was fined $150, surrendered his driver's license, and went his way.

From the undenied recitals of the petition and answer or return thereto, which are before us, and from the oral argument made at the bar we gather these undisputed facts: After Estes had learned that his driver's license stood revoked for one year by order or rule of the Montana State Highway Commission (Montana Highway Patrol Board), he moved on August 21, 1954, in the respondent justice court for an order vacating and setting aside the judgment of conviction entered against him on June 29, 1954, and for leave to withdraw his plea of guilty.

This motion was made upon various grounds detailed in his supporting affidavit which summarized were (1) that his plea of guilty was not voluntary, but had been entered to avoid publicity, (2) that he was ignorant of the law, and had been misled by the respondent justice of the peace, and (3) that he was subjected to great personal inconvenience in the pursuit of his vocation as a musician and music teacher, because he could not drive his automobile.

On August 31, 1954, this motion was heard. On September 1, 1954, it was denied.

On September 2, 1954, Estes appealed from the denial to the district court for Jefferson County. There on September 22, 1954, he was heard, evidence was taken, briefs were filed, and his motion was again submitted for a ruling, which followed on October 2, 1954, that the order of the justice court be affirmed and his appeal dismissed.

On October 28, 1954, Estes sued out of this court what is styled an "Alternative Writ of Error Coram Nobis and Order to Show Cause," which went down to the respondent justice court and justice of the peace to review the proceedings there. The district court was bypassed.

Return has been made to this writ in this court; briefs have

been filed; oral argument at the bar has been had; and the matter is now submitted for decision.

The relator's petition here and writ by whatever name it may be known seek to bring up for review and revision in this court the order of the respondent justice court, which denied the relator's motion to set aside his conviction and withdraw his plea of guilty.

For us thus to review and revise, as the relator prays, means that we must exercise appellate jurisdiction and reverse the order below. Otherwise stated, if Estes is to be sustained in the position which he takes in this court, then the respondents were in error in denying his motion, that error we would correct by our writ.

This we may not do, for we have no such appellate jurisdiction to review the judgments or orders of the justice courts of this state. The appellate jurisdiction which this court has comes from the Constitution of the State, and is vested in us, "subject, however, to such limitations and regulations as may be prescribed by law." Constitution of Montana, Art. VIII, section 3. We are admonished further that save for certain exceptions here of no importance this court has (1) "appellate jurisdiction only," and (2) a "general supervisory control over all inferior courts," both of which are, however, to be exercised "under such regulations and limitations as may be prescribed by law." Constitution of Montana, Art. VIII, section 2. We are then told also in no uncertain language that we may entertain writs of error and appeals only from the decisions of the district courts of the state "under such regulations as may be prescribed by law." Constitution of Montana, Art. VIII, section 15; State ex rel City of Helena v. Helena Waterworks Co., 43 Mont. 169, 172, 173, 115 Pac. 200. Here, too, we are always to bear in mind that we are commanded also by our Constitution, Art. III, section 29, to take the jurisdiction given us, that we are forbidden thereby to assume any other. Compare State v. Driscoll, 101 Mont. 348, 358, 360, 54 Pac. (2d) 571.

We must then turn to our Codes and statutes to find the regu-

lations and limitations which bound our appellate jurisdiction before we may take the relator's case and hear what is to all intents and for all purposes his appeal. Of course, we are not now considering what the case would be, if the legislature had enacted no statutes for our guidance; nor what would be our jurisdiction if we were unreasonably restricted in its exercise by the Codes. Compare State ex rel. Schneider v. Cunningham, 39 Mont. 165, 101 Pac. 962; Jordan v. Andrus, 26 Mont. 37, 66 Pac. 502, 91 Am. St. Rep. 396.

To the contrary we find in the Revised Codes of Montana 1947, comprehensive and adequate provision for appeals to this court from the judgments and orders of the district courts in criminal cases, R.C.M. 1947, sections 94-8101 to 94-8104, and in civil cases, R.C.M. 1947, sections 93-8001 to 93-8003. We find there the time limited for these appeals, R.C.M. 1947, section 94-8105, 93-8004, and the detail of the procedure to be followed to take an appeal, R.C.M. 1947, sections 94-8106, 94-8107, 93-8005, and to make that appeal effective, R.C.M. 1947, sections 94-8109 to 94-8114, etc.; 93-8006 to 93-8025.

But nowhere in the Codes or statutes of the state is there to be read authority for an appeal to this court from either the judgment or order of a justice court or justice of the peace. The limitations constitutionally put upon our appellate jurisdiction by the legislature, the regulations constitutionaly prescribed by it for our exercise of that appellate jurisdiction speak only of a review by us of the judgments and orders of the district courts.

And well this may be, for as we have been at pains to point out above the only appeal to this court which our Constitution permits is from the decisions of the district courts. Indeed,. such must be the case, for the Constitution is equally explicit in its mandate that appeals "shall be allowed from justices" courts, in all cases, to the district courts, in such manner and under such regulations as may be prescribed by law." Con-- stitution of Montana, Art. VIII, section 23. The prohibition here laid by Article III, section 29, supra, means precisely that.

because appeals from the justice court to the district court are authorized by the Constitution, direct appeals to this court from the justice court are forbidden.

It follows with certainty that the appellate review which Estes seeks perforce of our writ at bar is beyond our jurisdiction, (1) because it is not authorized by the Codes, and (2) because it is forbidden by the Constitution of the state.

In reaching this conclusion we have not overlooked the general supervisory power which is given us by Article VIII, section 2, supra. That power is not invoked in this proceeding, for there is no suggestion that the case here is exigent within the rule of State ex rel. Whiteside v. First Judicial District Court, 24 Mont. 539, 562, 563, 63 Pac. 395; State ex rel. Thelen v. District Court, 93 Mont. 149, 156, 17 Pac. (2d) 57, and like decisions. If the argument for the relator were otherwise, however, our rule would necessarily be the same, viz., that no facts are made to appear which disclose an emergency sufficient to call for an exercise of our extraordinary power of supervisory control on the relator's behalf. Again we measure the case by the authority given us under the Constitution and find we are without jurisdiction.

The alternative writ issued is vacated and quashed, the proceedings are dismissed.

MR. JUSTICES BOTTOMLY, ANGSTMAN and ANDERSON, concur.

MR. CHIEF JUSTICE ADAIR: (dissenting in part but concurring in the result).

This is not an appeal. On the contrary it is an original proceeding commenced in this court by the filing herein of a petition designated "Application and Petition for a Writ of Error Coram Nobis or Other Appropriate Writ." The proceeding is entitled "The State of Montana on the Relation of Jack C. Estes, Relator, v. The Justice Court of Jefferson County, Boulder, Montana, and William J. Pendergast, Judge thereof, Respondents."

The relator here seeks a writ commanding the respondent court and justice of the peace to certify to this court the record in a criminal case entitled "The State of Montana v. Jack C. Estes," —to annul relator's plea of guilty,—to vacate the sentence imposed upon him and to cause relator to be rearraigned.

Writs of coram nobis and coram vobis are of ancient origin. Their function has not changed materially from their earliest use in the sixteenth century until the present day. They embody a plea for the court to take cognizance of errors of fact and to correct the judgment entered to the end that due process be not denied. See Powell v. Alabama (the "Scottsboro Case"), 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158; Mooney v. Holohan, 294 U.S. 103, 55 S. Ct. 340, 79 L. Ed. 791, 98 A.L.R. 406, affirming In re Mooney, 9 Cir., 72 F. (2d) 503 and Mooney v. Holohan, 7 F. Supp. 385.

In the Mooney case, supra, the Supreme Court of the United States held that each state is required to provide some corrective judicial process or remedy that will afford a means for testing in the state courts claimed violations of the federal guaranty of due process. In other words, the Supreme Court has declared that each state must provide some adequate judicial procedure that will enable a convicted person to test the legality of his conviction notwithstanding that at first glance it may appear that the conviction was proper to the end that, "Questions of fundamental justice protected by the Due Process Clause may be raised, to use lawyers' language, dehors the record." Carter v. Illinois, 329 U.S. 173, 175, 67 S. Ct. 216, 218, 91 L. Ed. 172.

There must be a remedy available in the state courts wherein errors in fact which do not appear in the record of the trial and which therefore could not be examined and determined on appeal, may be reviewed without resorting to the federal courts for relief.

When human liberty is at stake, Montana, like the other states of the Union, must provide a remedy, be it contemporary or ancient, in order that due process be accorded and justice be done.

142

In the past this court has recognized its power and right in proper cases to entertain and determine applications for writs of coram nobis as well as for writs of coram vobis for we may not ignore the clear pronouncements of the Supreme Court of the United States nor may we decline to adopt the necessary procedure that will enable us to afford adequate relief in a proper case presented.

I therefore am unable to agree with much that is said in the majority opinion and particularly with what is there said concerning the self-imposed restrictions and limitations on this court's jurisdiction, although I concur in the result reached in this particular original proceeding.