[No. 1890, February 13, 1917.]
## STATE v. DALLAS.

### SYLLABUS BY THE COURT.

The state has no right to appeal from a judgment rendered by the district court sustaining in part a demurrer to an information charging appellee with trespassing on a school section.

Appeal from District Court, Chaves County; McClure, Judge.

Hayden Dallas was charged with trespassing upon a school section. His demurrer was sustained in part, and the State appeals. Motion to dismiss appeal granted.

HARRY S. BOWMAN, Assistant Attorney General, for the State.

J. M. DYE and R. C. REID, both of Roswell, for appellee.

### OPINION OF THE COURT.

HANNA, C. J.—The appellee was charged by information with trespassing upon a school section. To this information a demurrer filed by appellee was sustained in part, and the state, through the district attorney, thereupon perfected this appeal.

Appellee has moved to dismiss the appeal on the ground that the statute gives the state no right of appeal from a judgment on a demurrer to an information. The able Assistant Attorney General reviews the law which controls this question and practically confesses error.

Section 4517, Code 1915, provides:

"The state shall be allowed an appeal in criminal cases, only in the cases and under the circumstances mentioned in section 4519."

Section 4519, Code 1915, provides:

"When any indictment is quashed or judged insufficient on demurrer, or judgment is arrested, the district court may

cause the defendant to be committed or recognized to an-
swer another indictment, or an appeal to the supreme court
shall be granted, if the prosecuting attorney desires it." Sec-
tion 50, c. 57, Laws 1907.

In State v. Chacon, 19 N. M. 456, 145 Pac. 125, this
court held that appeals were the creatures of statute, and
that section 2 of article 6 of the state Constitution sim-
ply defined the appellate jurisdiction of this court, and
did not undertake thereby to grant to litigants the right
of appeal. In Ex parte Carrillo, 22 N. M. 149, 158 Pac.
800, this court approved the holding in the Chacon Case,
and also held that section 9, c. 77, Laws 1915, did not
enlarge the right of the state to appeal, but was addressed
to the rights of defendants only.

In State v. Ross, 119 Mo. App. 401, 94 S. W. 842,
the right of the state to appeal from a decision on an in-
formation was discussed. The statute construed by that
court was almost identical with that of ours. The court
said:

"This statute has been given a strict construction in num-
erous cases and the right of the state to appeal uniformly
denied, except in instances falling strictly within the cases
and circumstances specified therein."

The court then cites a number of cases from Missouri
denying the right of the state to appeal therein, and says:

"And in consonance with the doctrine of these cases it
has been frequently held that no appeal or writ of error
will lie on behalf of the state under these statutes in any
case or prosecution for misdemeanor by information; the
principles of the adjudications being that the word 'indict-
ment,' used in the statute from an adverse ruling on which,
in an attack by demurrer, motion to quash, or motion in
arrest, the state is authorized to appeal, is a word of tech-
nical common-law import, and, when employed in the Con-
stitution and laws of this state, means the same as at com-
mon law—a presentment or accusation by the grand jury, as
contradistinguished from information, which, at common law,
was the presentment or accusation of the crown officer un-
der his oath of office, and that therefore the Legislature, hav-
ing employed the word 'indictment' solely in the statute
authorizing appeal by the state, necessarily limited the right
of appeal to such adverse rulings on an indictment as therein
contemplated and thereby excluded the right of appeal from
the same rulings on an information"—citing authorities.

The motion to dismiss the appeal will therefore be granted; and it is so ordered.

PARKER and ROBERTS, J.J., concur.