OPINION NAKAMURA, Justice. {1} On petition for a writ of superintending control, we are called upon to review an order issued by the Twelfth Judicial District Court in the criminal prosecutions against Santiago Carrillo. The district court’s order held that the flat-fee rates paid to indigent defense contract counsel by the Law Office of the Public D efender (LOPD) contravened the right to counsel and nullified the Legislature’s prohibition of the payment of hourly rates to contract counsel. The district court also issued a remedial order directing the LOPD to pay every contract attorney no less than $85 per hour and the State to provide the funding necessary for the LOPD to render such compensation. We hold that the General Appropriations Act of 2015, Chapter 101, Section 4(C) of New Mexico Laws of 2015, does not violate the right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article II, Section 14 of the New Mexico Constitution. We do not presume that the flat-fee rates paid to Carrillo’s contract attorney violate his right to counsel. Accordingly, we grant the writ of superintending control, vacate the district court’s orders, and remand to the district court with instructions to proceed with the State’s prosecutions against Carrillo. I. BACKGROUND A. The funding of public defender contract attorneys {2} In all criminal prosecutions, the accused has the right to the effective assistance of counsel. U.S. Const, amend. VI; N.M. Const, art. II, § 14. The Indigent Defense Act, NMSA 1978, Sections 31-16-1 to-10 (1968), and the Public Defender Act, NMSA 1978, Sections 31-15-1 to -12 (1973, as amended through 2014), frame the statutory scheme by which the State ensures that counsel is provided to indigent defendants. These statutes effectuate the constitutional right of counsel for the defense of criminal charges. State v. Rascon, 1976-NMSC-016, ¶ 5, 89 N.M. 254, 550 P.2d 266. {3} Under the Public Defender Act, the district public defender shall represent every person without counsel who is financially unable to obtain counsel and who is charged in any court in the district with any crime that carries a possible sentence of imprisonment. NMSA 1978, § 31-15-10(C) (2001). If the district public defender is unable to represent a person entitled to representation, the district public defender shall notify the chief public defender. § 31-15-10(E). Where the LOPD lacks a district office, or where the chief public defender has been alerted by a district public defender of an inability to represent a person entitled to representation, the chief public defender is required to provide representation by other means. Id.; see also NMSA 1978, § 31-15-7(A)(1)(2014). To that end, the LOPD may contract with private attorneys to serve as counsel. See § 31-15-7(B)(11). In accordance with the Procurement Code,NMSA 1978, §§ 13-1-28 to -199 (1984, as amended through 2016), the LOPD issues Requests for Proposals to elicit proposals from private attorneys seeking to provide contract counsel. It then selects which candidates will be offered contracts to provide indigent defense services. {4} The roles of the legislative and executive branches in funding contract defense counsel are clearly established. The Legislature delegated to the chief public defender the authority to formulate a fee schedule for the compensation of indigent defense contract counsel. § 31-15-7(B)(l 1). The expenses of the LOPD are “paid by warrants of the secretary of finance and administration, supported by vouchers signed by the chief [public defender] or the chiefs authorized representative and in accordance with budgets approved by the state budget division of the department of finance and administration.” NMSA 1978, § 31-15-5(B) (2013). Those budgets are funded by appropriation legislation. See, e.g., 2015 N.M. Laws, ch. 101, § 4(C). {5} Prior to 2014, the chief public defender had established a flat-fee schedule for contract attorneys in all noncapital cases. In 2014, the rates paid to contract counsel in Lincoln County were as follows: $180 per misdemeanor case, $250 per juvenile case, $540 per fourth-degree felony case, $595 per third-degree felony case, $650 per second-degree felony case, and $700 per first-degree felony case, as determined by the highest degree crime charged. The Legislature provides the funding for such payments to contract counsel by appropriation legislation. See, e.g., General Appropriations Actof2016, H.B. 2, § 4, 52nd Leg., 2nd Sess. (N.M. 2016), available at http://www.nmlegis.gov/ Sessions/16% 20Regular/final/HB 0002.pdf (last viewed May 17, 2016). In the General Appropriations Act of 2014, the Legislature appropriated $10,653,600 to the Public Defender Department for the provision of contractual services. 2014N.M.Laws,ch. 63, § 4(C). {6} We note that on September 2, 2014, the New Mexico Public Defender Commission and the LOPD submitted a budget request for fiscal year 2016. See New Mexico Public Defender Commission FY16 Budget Request, http://nmcdla.org/docs/ Budget %20Request %20Narrative%20FY2016.pdf (henceforward “NMPDC FY16 Budget Requestion”) (last viewed May 17, 2016). See also Griego v. Oliver, 2014-NMSC-003, ¶ 47 n. 7, 316 P.3d 865 (“[T]his Court — or any court, trial or appellate — may take judicial notice of legislative facts by resorting to whatever materials it may have at its disposal establishing or tending to establish those facts.” (alteration original)); Attorney Gen. v. N.M. Pub. Serv. Comm’n, 1991-NMSC-028, ¶ 24, 111 N.M. 636, 808 P.2d 606 (noting our authority to take judicial notice of agency actions); Rule 11-201 NMRA. The submission was the Commission’s first budget request. The Commission and the LOPD requested over $96 million for the operation of the Public Defender Department. This budget request contemplated an hourly compensation of contract counsel at $85 per hour, and it estimated the costs of such compensation to be $45,726,000 — more than four times the 2014 appropriation for contractual services. Around the same time, in November 2014, the LOPD and the Public Defender Commission established an hourly rate for compensation, subject to upper limits, known as “markers,” for contract counsel in five counties: Roosevelt County, Lea County, Lincoln County, Luna County, and Eddy County. The LOPD and the Public Defender Commission set hourly rates for the compensation of contract attorneys to ensure the provision of adequate indigent defense counsel in those counties. {7} The Legislature responded to the LOPD’s and the Commission’s request of $45,726,000 for contractual services by appropriating $12,840,800 for the same. 2015 N.M. Laws, ch. 101, § 4(C). When making this appropriation the Legislature explicitly provided that “[t]he appropriations to the public defender department shall not be used to pay hourly reimbursement rates to contract attorneys.” Id. (emphasis added). It appears that the Legislature’s condition on the appropriation for contractual services was a reaction to the Commission’s large request for contractual services, which was based on the Commission’s plan to compensate contract attorneys at a rate of $85 per hour. For instance, during the May 21, 2015, State Board of Finance Meeting to consider an Emergency Funding Request by the LOPD, Department of Finance and Administration Secretary Thomas Clifford indicated that the Legislature included language in the 2015 appropriations statute to prohibit hourly rates because the Legislature understood that the Commission’s plan to pay contract counsel $85 per hour was the predominant cause of the Commission’s significant budget request for fiscal year 2016. {8} On June 29,2015, in the matter of State v. Carrillo, the Twelfth Judicial District Court decided that the Legislature’s requirement that the appropriation designated for contract counsel shall not be used to pay hourly rates violated the right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article II, Section 14 of the New Mexico Constitution. The district court issued an order entitled “Order Declaring Limits for Payment to Contractors in Order for Contractors to Provide Effective Assistance of Counsel,” which in relevant part provided: The flat fee rates heretofore paid and to be paid to contractors/conflict attorneys by and through the Law Offices of the Public Defender for fiscal years 2016 and preceding fiscal years is not sufficient to comply with Gideon v. Wainwright[], 372 U.S. 335 (1963), it is therefore ordered the State properly fund effective assistance of counsel for indigent defendants and is therefore unconstitutional both under the United States Constitution and the New Mexico Constitution; The Public Defender Department shall pay to each and every contractor no less than $85.00 per hour plus GRT (gross receipts tax) for the attorney and $35.00 an hour plus GRT for staff, with appropriate markers . . . together with costs of copies and postage to be sent to indigent clients and/or other attorneys and experts, the costs of transportation and overnight stay paid based on the New Mexico State Per Diem rates and rules, and the costs of collect calls from the client to the attorney; so the attorney may have at least the bare minimum of monies to provide the effective representation necessary. The district court’s order in State v. Carrillo precipitated the instant petition, and we now turn to that case. B. The district court orders that are the subject of review {9} In the exercise of our power of superintending control, we may take judicial notice of the proceedings in the district court. Rule 11-201 NMRA; see also State v. Anaya, 1997-NMSC-010, ¶ 13, 123 N.M. 14, 933 P.2d 223 (“[W]e may take judicial notice of the record on file in this Court.”); but cf. Richardson Ford Sales v. Cummins, 1964-NMSC-128, ¶ 5, 74 N.M. 271, 393 P.2d 11 (noting that on appeal the facts necessary to present a question for review must be established by a certified record). On November28, 2012, the State filed a criminal complaint against Carrillo, charging him with counts ofvoyeurism, contrary to NMSA 1978, Section 30-9-20 (2007), possession of a controlled substance, contrary to NMSA 1978, Section 30-31 -23(E) (2011), andpossession of drug paraphernalia, contrary to NMSA 1978, Section30-31-25.1 (2011). OnDecember21, 2012, Charles Hawthorne filed an entry of appearance to represent Carrillo against the charges. On January 3, 2014, Hawthorne moved to withdraw as Carrillo’s counsel because Carrillo had not remained in contact and had not paid Hawthorne. The district court granted that motion on January 6, 2014. {10} On January 23, 2014, the State filed a criminal information against Carrillo, charging him with criminal sexual penetration in the third degree, contrary to NMSA 1978, Section 30-9-11(F) (2009). Shortly thereafter, on January 28 and 29, 2014, Gary Mitchell entered an appearance to represent Carrillo as contract counsel against both prosecutions. {11} On April 23, 2014, Carrillo filed a motion in the first case requesting the district court to compel the State to provide sufficient funds to his contract counsel so that his attorney could provide effective assistance and to stay proceedings in the matter until the State provided such funding. The district court understood the motion to pertain to both prosecutions and held hearings on Carrillo’s motion on September 23, 2014, and October 1, 2014. The district court issued an interim order on December 4, 2014, making the LOPD a party to the case and requiring the LOPD to compensate Mitchell a minimum of $85 per hour to represent indigent defendants in all cases assigned to him (including Carrillo’s cases), but not to exceed a total compensation per case as set by the markers established by the Commission, on pain of dismissal. {12} On December 11, 2014, the LOPD filed an emergency motion to reconsider and to stay the execution of the interim order. The LOPD argued that the district court’s interim orderwould affect its operations statewide and that it could not immediately implement the order without compromising representation in other counties. On January 10, 2015, and March 23, 2015, the district court held hearings to consider the LOPD’s motion to reconsider and stay. {13} On April 15,2015, Carrillo moved to dismiss his criminal complaint because “no indigent person can be prosecuted unless and until the defendant has an attorney who receives sufficient funds from the State to provide effective assistance of counsel.” On June 4, 2015, after he became aware of the Legislature’s condition that the appropriation designated for contract counsel should not be used to pay hourly rates, Carrillo moved the district court to declare that the provision contravened his right to the effective assistance of counsel. {14} On June 29, 2015, the district court held a hearing on all pending motions. Shortly thereafter, it issued four orders: First, the district court entered an order nullifying the provision of the General Appropriation Act of 2015’s prohibition of the payment of hourly rates to contract counsel as violative of the Federal Constitution and the New Mexico-Constitution. Second, based on its conclusion that the flat-fee rates paid to contract counsel by the LOPD contravene the constitutional guarantee of effective assistance of counsel under Gideon v. Wainwright, 372 U.S. 335 (1963), the district court ordered the State to “properly fund effective assistance of counsel” and required the LOPD to pay “each and every contractorno less than $85.00 per hour” plus additional monies “so the attorney may have at least the bare minimum of monies to provide the effective representation necessary.” Third, because the LOPD represented that it could not comply with its orders due to lack of funding, the district court entered an order staying the prosecutions against Carrillo unless and until the State provides the funding and the LOPD pays Carrillo’s attorney the amounts ordered by the Court. Fourth, the district court ordered the Sheriff of Lincoln County to release Carrillo and imposed conditions on Carrillo’s release. C. The petition for an extraordinary writ {15} Liane Kerr is an attorney who has contracted with the LOPD to represent indigent defendants for the past 23 years. On July 17, 2015, she filed a petition in this Court for a writ of superintending control or alternative writ to vacate the second order the district court issued on June 29, 2015. The petition alleged that because the LOPD lacked the funds to comply with this order, the LOPD’s attempt to comply would precipitate insolvency and threaten its ability to honor the contracts of the Petitioner and other contract counsel. The petition named the following real parties in interest: Diana Martwick, the District Attorney for the Twelfth Judicial District; Thomas Clifford, the Secretary ofthe Department of Finance and Administration; the Commission and its members; and Jorge Alvarado, then the Chief Public Defender. We received responses from each of those parties. We also accepted an amicus curiae brief from the Legislative Finance Committee. II. DISCUSSION A. Our exercise of superintending control {16} Article VI, Section 3 of the New Mexico Constitution confers on this Court “superintending control over all inferior courts” and the power to issue “writs necessary or proper for the complete exercise of . . . [our] jurisdiction and to hear and determine the same.” “The power of superintending control is the power to control the course of ordinary litigation in inferior courts.’’ Dist. Court of Second Judicial Dist. v. McKenna, 1994-NMSC-102, ¶ 3, 118 N.M. 402, 881 P.2d 1387 (internal quotation marks and citation omitted). In contrast to the writ of prohibition, the writ of superintending control is not limited to the correction of jurisdictional errors. Albuquerque Gas & Elec. Co. v. Curtis, 1939-NMSC-024, ¶ 7, 43 N.M. 234, 89 P.2d 615. Where appropriate, the power of superintending control permits this Court’s interposition to correct any specie of error. See id. ¶¶ 7, 12-14. We may exercise our power of superintending control to control the course of ordinary litigation “if the remedy by appeal seems wholly inadequate.” McKenna, 1994-NMSC-102, ¶ 4. We may also exercise the power of superintending control “where it is deemed to be in the public interest to settle the question involved at the earliest moment.” Griego v. Oliver, 2014-NMSC-003, ¶ 11, 316 P.3d 865 (internal quotation marks and citation omitted). {17} The district court’s constitutional holding and remedial orders call for the exercise of this power. The Commission’s budget request for fiscal year 2016 exceeded $45 million to compensate contract counsel at $85 per hour, and the Legislature appropriated over $12 million for contract counsel in the same time period. Merely looking to the discrepancy between the Legislature’s appropriation and the Commission’s estimation of what statewide compensation of contract counsel at $85 per hour would require, it is readily apparent that the LOPD’s attempt to comply fully with the district court’s order would threaten its ability to perform its duties. Further, the district court’s order to stay Carrillo’s prosecutions until the State provides the ordered funding and the LOPD pays the ordered funding to Carrillo’s contract counsel jeopardizes the administration of criminal justice in New Mexico. It is in the public interest to settle the dispositive issue in this case now. Accordingly, we grant the petition and issue a writ of superintending control. B. Neither the current flat-fee schedule nor the Legislature’s prohibition of hourly compensation rates for contract counsel violates Carrillo’s right to counsel {18} The parties raise two issues: First, does the current flat-fee schedule for the compensation of contract counsel, solidified by the Legislature’s requirement that the LOPD not use the appropriation for contract counsel to pay hourly reimbursement rates, violate the right to counsel as guaranteed by the Federal Constitution and the New Mexico Constitution? Second, did the district court’s remedial orders requiring the State to fund compensation to contract counsel at $85 per hour and the LOPD to pay such a rate to Carrillo’s counsel contravene the separation of powers as established by Article III, Section 1 oftheNewMexico Constitution? Because we decide the former issue, we do not reach the latter. {19} In support of the district court’s order, Carrillo argues that the current flat-fee arrangement for the compensation of contract counsel impinges upon his right to the effective assistance of counsel. The Commission makes a similar argument to support the district court’s order and contends that the current flat-fee scheme violates the right to counsel of any indigent defendant represented by contract counsel. Both Carrillo and the Commission root their arguments in State v. Young, 2007-NMSC-058, 143 N.M. 1, 172 P.3d 138, and United States v. Cronic, 466 U.S. 648 (1984). {20} Ordinarily, to make out a claim of ineffective assistance of counsel, a criminal defendant needs to establish both that their counsel’s assistance was not objectively reasonable and that but for the counsel’s errors, the result of the proceeding would have been different. State v. Grogan, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494; see generally Strickland v. Washington, 466 U.S. 668, 687-96 (1984). Both Carrillo and the Commission contend that the test for ineffective assistance under Strickland is inapposite. We agree. Because the district court stayed the prosecutions against Carrillo, we cannot address whether the results of those proceedings would be different if Carrillo’s counsel were paid according to a different compensation formula. {21} Some circumstances, however, “are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.” Cronic, 466 U.S. at 658; see also Grogan, 2007-NMSC-039, ¶¶ 12-13 (noting circumstances where courts may presume prejudice). In certain cases, “the likelihood-that any lawyer . . . could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial.” Cronic, 466 U.S. at 659-60 (citation omitted). The presumption of prejudice is justified, for example, where “counsel entirely fails to subject the prosecution’s case to meaningful adversarial testing.” Id. at 659. {22} In State v. Young, this Court applied Cronic to presume ineffective assistance of counsel because the attorneys for the defendants in that capital case were “not receiving adequate compensation.” 2007-NMSC-058, ¶ 18. In Young, we decided in a specific capital case that a flat-fee arrangement justified the presumption of ineffective assistance. Id. Young was “one of the most complex death penalty cases ever tried in New Mexico,” and the defendants were appointed contract attorneys who contracted to provide representation through trial for a flat fee of $19,500 for each first-chair attorney and $9,500 for each second-chair attorney. Id. ¶¶ 6-7. One attorney estimated that she and her co-counsel would spend a total of 2334 hours on the case and moved to withdraw. Id. ¶¶ 9, 12. This Court found “that the attorneys for the defendants . . . [were] not receiving adequate compensation,” id. ¶ 12, that capital cases are extraordinarily expensive and require specialized skills, id. ¶¶ 14-15, and that the Young case was “unusually protracted because of its extraordinary complexity,” id. ¶ 18. This Court concluded that those facts justified “a presumption of ineffective assistance of counsel.” Id. ¶ 18. {23} Young guides our review. In Young, we expressly noted that the holding was cinched to its facts. Id. ¶ 27. Young did not hold that a flat-fee arrangement necessarily abridges the right to the effective assistance of counsel in capital cases. See id. In fact, we expressly refused “to condemn a flat fee structure or cap in all capital cases.” Id. ¶ 18. When we expressly refused to presume that a flat fee entails ineffective assistance in all capital cases, we necessarily implied that we would not presume that a flat fee entails ineffective assistance in all criminal cases. {24} We find no basis to depart from Young now. We cannot assume that any contract attorney in New Mexico who represents an indigent defendant under the current flat-fee arrangement necessarily will be unable “to subject the prosecution’s case to meaningful adversarial testing.” Cronic, 466 U.S. at 659. Such a presumption is too great a leap from Young where we were only willing to presume ineffectiveness based on a flat-fee contract for one extraordinarily complicated capital case. This presumption would also constitute a huge departure from Cronic, where the United States Supreme Court suggested a willingness to presume ineffectiveness under circumstances in which an indigent defendant effectively has no assistance at all. See id. We cannot make that leap. In its response to the petition, the LOPD tellingly stated that “Public Defender contractors provide effective assistance of counsel in thousands of cases under the present flat-fee contract.” This concession undermines the contention that this Court is justified to assume that an indigent defendant necessarily receives ineffective assistance when represented by contract counsel who is compensated at the current flat-fee rates. {25} Carrillo argues that flat-fee contracts are problematic because they “are rife with financial incentives for lawyers to do as little work on cases as possible.” But this argument also fails to justify the presumption of ineffective assistance. The first term in the professional service contract that the LOPD offers to contractors requires a contracting attorney to provide legal services in accordance with the Sixth Amendment to the United States Constitution and Article II, Section 14 of the New Mexico Constitution. We assume that attorneys represent their clients honorably, consistent with both their professional duties and the terms under which they contract with the LOPD to provide indigent defense. See People v. Doolin, 198 P.3d 11, 32-33 (Cal. 2009) (finding that the state’s lump-sum compensation agreement did not create a conflict of interest between the defendant and his attorney). In light of the LOPD’s representation that contract counsel provides effective assistance in thousands of cases across the state, we do not think that the current flat-fee structure undermines this assumption. We find no basis to presume that any indigent defendant currently represented by contract counsel necessarily receives constitutionally deficient assistance. Accordingly, we will not presume that Carrillo will necessarily receive ineffective assistance because he is represented by contract counsel who is compensated by the current flat-fee arrangement. {26} We also note that our refusal to depart from Young does not etch into stone the fees currently paid to indigent defense contract counsel. The Legislature delegated to the chief public defender the authority to formulate a fee schedule for the compensation of contract counsel. In Chapter 101, Section 4(C) of New Mexico Laws of 2015, the Legislature appropriated funds for contract counsel on the condition that the appropriation not be used to pay fees based on hourly rates. We note that the Legislature recently carried that condition forward in the General Appropriations Act of 2016. H.B. 2, § 4, 52nd Leg., 2nd Sess. (N.M. 2016), available at http://www.nmlegis.gov/Sessions/16%20Reg ular/final/HB0002.pdf (last viewed May 17, 2016) (“Appropriations to the public defender department shall not be used to pay hourly rates to contract attorneys.”). {27} “We have consistently maintained that the Legislature has the power to affix reasonable provisions, conditions or limitations upon appropriations and upon the expenditure of the funds appropriated.” See State ex rel. Coll v. Carruthers, 1988-NMSC-057, ¶ 17, 107 N.M. 439, 759 P.2d 1380 (internal quotation marks and citations omitted). On the facts presented, we do not conclude that the Legislature’s condition is unreasonable. The chief public defender retains the discretion to formulate a fee schedule that would establish higher flat fees than those currently paid to contract attorneys. Moreover, the Legislature’s condition that appropriations for contract counsel not be used to pay hourly rates is not itself constitutionally fixed; it may yet be resolved by the normal democratic process. Therefore, while we appreciate the roles and challenges of the LOPD, the Commission, and contract counsel statewide to effectuate the rights of the criminally accused, we do not see that a constitutional prohibition on flat fees is necessary to ensure those rights. {28} While we note the Legislature’s broad power to appropriate funds and to affix limitations on those appropriations, see Carruthers, 1988-NMSC-057, ¶ 17, we also recognize that some limitations on funding for the provision of indigent defense could be so severe as to create a presumption of ineffective assistance of counsel in particular cases. See Young, 2007-NMSC-058, ¶¶ 9-12; cf. also Lavellee v. Justices in the Hamden Super. Ct., 812 N.E.2d 895, 901 (Mass. 2004) (holding that scheme for the provision of indigent defense, including a budget appropriation to fund county bar advocates program, violated the Massachusetts constitutional right to counsel). It is beyond our power to advise the Legislature as to which hypothetical limitations on the funding of indigent defense would engender such a presumption. See Bell Tel. Labs., Inc. v. Bureau of Revenue, 1966-NMSC-253, ¶ 39, 78 N.M. 78, 428 P.2d 617. (“This court does not give advisory opinions.”)- Nevertheless, we confront no obstacle in saying that the rights to the effective assistance of counsel, as guaranteed by the Sixth Amendment to the United States Constitution and Article II, Section 14 of the New Mexico Constitution, impose real constraints on the Legislature’s exercise of its power to limit the funding necessary to the provision of indigent criminal defense in New Mexico. Today, we hold on the record before us that the General Appropriations Act of 2015, Chapter 101, Section 4(C) of New Mexico Laws of 2015, does not infringe constitutional guarantees to the effective assistance of counsel. Future cases, however, presenting other record facts, could precipitate our duty to enforce those same constitutional rights. C. We do not reach the separation-of-powers issue {29} The district court’s remedial order that the State fond compensation to contract counsel at $85 per hour and that the LOPD pay such a rate to Carrillo’s counsel threatens to intrude into the prerogatives of the coordinate branches of government. Whether the district court’s remedial order violates the separation of powers, however, is a more complicated question and involves the subsidiary issue of whether the district court had the inherent power to issue an order to compel funding. Cf. State ex rel. Quintana v. Schnedar, 1993-NMSC-033, ¶ 3, 115 N.M. 573, 855 P.2d 562 (“There is no doubt that the judiciary has the inherent authority to guarantee the enforcement of constitutional civil liberty protections in criminal prosecutions.”). {30} We do not address whether the district court’s remedial order contravenes the separation of powers because it is unnecessary to the disposition of this case. See Allen v. LeMaster, 2012-NMSC-001, ¶ 28, 267 P.3d 806 (“It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so.”). Where there is no violation of a right, a court lacks the power to compel an officer of a coordinate branch of government to perform a duty. See, e.g., State ex rel. Coll v. Johnson, 1999-NMSC-036, ¶ 12, 128 N.M. 154, 990 P.2d 1277 (“[A] writ of mandamus is available only to one who has a clear legal right to the performance sought . . . .” (internal quotation marks and citation omitted)); Schein v. N. Rio Arriba Elec. Coop., Inc., 1997-NMSC-011,¶ 22, 122 N.M. 800, 932 P.2d 490 (“Relevantrights and duties must be established before a writ of mandamus can issue.”). Hence, only if the current flat-fee arrangement and the General Appropriations Act of 2015, Chapter 101, Section 4(C) of New Mexico Laws of 2015, violated a right held by Carrillo did the district court have the power to issue the remedial order in dispute. Because the current flat-fee arrangement for the compensation of indigent defense contract counsel and the legislation prohibiting hourly reimbursement rates to contract counsel do not violate Carrillo’s right to the effective assistance of counsel, we conclude that the district court lacked the power to issue a remedial order directing the LOPD to pay hourly rates and the State to provide additional funding. Accordingly, we need not reach whether that order violated the separation of powers. CONCLUSION {31} For the foregoing reasons, we grant the petition for a writ of superintending control and vacate the following orders of the district court: the December 2, 2014, Interim Order; the June 29, 2015, Order Declaring the Prohibition Against Hourly Rates to Contractors Unconstitutional; the June 29, 2015, Order Declaring Limits for Payment to Contractors in Order for Contractors to Provide Effective Assistance of Counsel; and the June 30, 2015, Order Granting Stay of Proceedings and Releasing Defendant from Custody. We do not vacate the June 20, 2015, Release Order, and we remand to the district court with instructions to modify the release order if appropriate and proceed with the State’s prosecutions against Carrillo. {32} IT IS SO ORDERED. JUDITH K. NAKAMURA, Justice WE CONCUR: CHARLES W. DANIELS, Chief Justice PETRA JIMENEZ MAES, Justice EDWARD L. CHÁVEZ, Justice BARBARA J. VIGIL, Justice, specially concurring