This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37057**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**SAMUEL C. ENRIQUEZ,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from his jury trial convictions for one count of possession of methamphetamine and one count of possession of heroin. In this Court's amended notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement, after which this Court issued an order for trial exhibits. Having considered Defendant's memorandum in opposition and motion to amend the docketing statement, along with

the requested trial exhibits, we deny Defendant's motion to amend the docketing statement and affirm Defendant's convictions.

**{2}** In his memorandum in opposition, Defendant continues to argue that the evidence was insufficient to support his convictions. Defendant specifically argues that the evidence was insufficient as to the identity of the drugs and as to Defendant's knowledge of possession. [MIO 20] Regarding both issues, the State introduced a lab report identifying the substances found in Defendant's vehicle as heroin and methamphetamine. [Supp. Ex. 8] The lab report indicated that the substances amounted to .04 net grams and .05 net grams, respectively. [Id.] Accordingly, for the reasons explained in our amended notice of proposed disposition and herein, we conclude that the evidence was sufficient to establish the identity of the substances and Defendant's knowledge that they were illegal drugs. *See State v. Stefani*, 2006-NMCA-073, ¶ 39, 139 N.M. 719, 137 P.3d 659 (stating that a "jury [is] free to draw inferences [from] the facts necessary to support a conviction"); *cf. State v. Reed*, 1998-NMSC-030, ¶¶ 7-9, 16-17, 125 N.M. 552, 964 P.2d 113 (concluding that the evidence was insufficient to establish the defendant's knowledge where the defendant was not acting suspiciously, was not found with drug paraphernalia, and where the illegal substance was found in only a trace amount, not visible to the human eye, and weighing approximately two milligrams).

**{3}** In response to this Court's proposed summary disposition, Defendant has also moved to amend his docketing statement to include two additional arguments: (1) that the two charges of possession violate Defendant's right to be free from double jeopardy; and (2) the district court denied Defendant's rights to due process and effective assistance of counsel by refusing to conduct any inquiry when Defendant asked to fire his attorney. [MIO 8-17, 24-31] In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *superceded by rule  on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. "The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable." *See Moore*, 1989-NMCA-073, ¶ 42.

**{4}** With respect to Defendant's motion to amend the docketing statement to raise a double jeopardy challenge, we note as an initial matter that Defendant's motion is timely as a defendant "may raise a double jeopardy challenge on appeal regardless of whether the issue was preserved." *State v. Cook*, 2006-NMCA-110, ¶ 8, 140 N.M. 356, 142 P.3d 944. With respect to the viability of Defendant's argument, Defendant contends that the individual substances found in his vehicle should be merged into one count of possession because Defendant had only "one intent to possess." [MIO 8-17] For the reasons discussed below, we conclude that Defendant's double jeopardy issue is not viable.

**{5}**     When a defendant is facing multiple punishments under the same statute, we apply a "unit of prosecution" analysis to determine "whether the [L]egislature intended punishment for the entire course of conduct or for each discrete act." *Swafford v. State*, 1991-NMSC-043, ¶ 8, 112 N.M. 3, 810 P.2d 1223. Where, as here, the act is not distinct in time or space, then we must look to the "objects and results involved" to determine whether the possession of each substance is sufficiently distinct. *State v. Bernard*, 2015-NMCA-089, ¶¶ 26, 28, 355 P.3d 831.

**{6}**     We look to the plain language of NMSA 1978, Section 30-31-23(A) (2011, amended 2019) and the statutory provisions discussing the criteria for classifying controlled substances as Schedule I, II, III, IV, and V, and enumerating classified substances. *See* NMSA 1978, §§ 30-31-5 (1972), -6 (2017, amended 2019), -7 (2007), -8 (2005), -9 (2005), -10 (2006). Section 30-31-23(A) reads, "It is unlawful for a person intentionally to possess *a* controlled substance[.]" (Emphasis added). The Legislature clarified that a "controlled substance" is "a drug or substance listed in Schedules I through V." NMSA 1978, § 30-31-2(E) (2009, amended 2019). Notably, the statutory language of Section 30-31-23(A) and Sections 30-31-6, -7 each refer to "a controlled substance" and specifically reference controlled substances in the singular. *See State v. Ramirez*, 2018-NMSC-003, ¶ 52, 409 P.3d 902 ("A legislative reference to an item in the singular suggests that each instance of that item is a separate unit of prosecution." (internal quotation marks and citation omitted)). More importantly, our Legislature has created a complex scheme of substance identification under which methamphetamine and heroin are separately addressed under different subsections and identified as different Schedule drugs. *Compare* § 30-31-7(A)(3)(c) (identifying methamphetamine as a Schedule II drug), *with* § 30-31-6(B)(10) (identifying heroin as a Schedule I drug). *Cf. Bernard*, 2015-NMCA-089, ¶¶ 29-31 (concluding that because motor vehicles are uniquely identified and addressed in a variety of separate provisions of the criminal code, they are sufficiently distinct in nature to allow separate charges for each stolen vehicle separately possessed by an individual). Accordingly, we conclude that Defendant's double jeopardy issue is non-viable and deny Defendant's motion to amend on this basis.

**{7}**     Turning to Defendant's motion to amend his docketing statement to add the argument that the district court abused its discretion and denied Defendant's rights to due process and effective assistance of counsel by refusing to conduct an inquiry when Defendant asked to fire his attorney, we deny Defendant's motion. [MIO 24-21] *See State v. Lucero*, 1986-NMCA-085, ¶ 21, 104 N.M. 587, 725 P.2d 266 (providing that the decision of whether to appoint substitute counsel lies within the discretion of the district court); *see also State v. Guerro*, 1999-NMCA-026, ¶ 24, 126 N.M. 699, 974 P.2d 669 (reviewing the refusal to hold an evidentiary hearing for an abuse of discretion). "While an indigent defendant has a right to appointed counsel, the defendant does not have the concomitant right to the appointment of the attorney of his choice." *Lucero*, 1986-NMCA-085 ¶ 21. To warrant the dismissal of appointed counsel, a defendant must show that the failure to appoint substitute counsel will result in ineffective representation and prejudice to the defense. *Id.*; *see also Garcia v. State*, 2010-NMSC-023, ¶ 30, 148 N.M. 414, 237 P.3d 716 ("To state a case of ineffective assistance of counsel, [a d]efendant

must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." (internal quotation marks and citation omitted)).

**{8}**     In this case, the day before trial and approximately nine months after the State filed its witness list, trial defense counsel moved for, and was denied, a second continuance of the trial, "to conduct witness interviews." [RP 72; MIO 24] Defendant's MIO further elaborates that the basis for the motion was "related to [trial defense counsel's] ability to present a defense." [MIO 24] Defendant argues that the grounds for trial defense counsel's motion, when paired with Defendant's request, an hour before trial, "to fire [trial d]efense counsel" [MIO 25], raised the clear possibility of "obvious ineffective assistance of counsel," such that the district court had a duty to inquire both into the effectiveness of counsel's representation and any potential conflict of interest. [MIO 27, 28] However, neither defense counsel's motion to continue nor Defendant's general request to fire counsel set forth facts to suggest that trial defense counsel's representation was deficient or that the district court should have inferred the same. The additional facts asserted in the MIO likewise do not indicate that trial defense counsel's pretrial representation was deficient, let alone obviously so. Rather, the MIO asserts that there may have been additional investigation available to trial counsel, that trial counsel does not recall whether or not he pursued this additional investigation or to what result, and that Defendant's request to fire his attorney resulted from Defendant's concerns about trial defense counsel's prospective ability to present a defense. [MIO 25]

**{9}**     To the extent Defendant moves to amend based on a due process argument that his general request to fire counsel was improperly denied without an evidentiary hearing, Defendant seems to fault the district court for not sua sponte conducting an inquiry into trial defense counsel's representation. [MIO 25] However, merely suggesting that defense counsel's representation was likely to be ineffective does not automatically entitle a defendant to a hearing. *See State ex rel. Children, Youth & Families Dep't v. David F., Sr.*, 1996-NMCA-018, ¶ 16, 121 N.M. 341, 347, 911 P.2d 235 ("Merely raising a question of ineffective assistance of counsel, however, did not automatically entitle [the p]arents to an evidentiary hearing."). Indeed, "[w]e assume that attorneys represent their clients honorably, consistent with both their professional duties and the terms under which they contract with the [Law Office of the Public Defender] to provide indigent defense." *Kerr v. Parsons*, 2016-NMSC-028, ¶ 25, 378 P.3d 1. Defendant's undeveloped claims of possible ineffective assistance and potential conflicts present no evidence that causes us to conclude that the district should have departed from this assumption and inquired further into the representation. *See State v. Hester*, 1999-NMSC-020, ¶ 14, 127 N.M. 218, 979 P.2d 729 (stating that "[t]he burden is on [the d]efendant to establish ineffective assistance of counsel"). Absent any facts demonstrating specific incidents of deficient representation in this case, Defendant's speculative allegations are insufficient to establish that the district court was required to hold an evidentiary hearing in response to Defendant's statement that he wanted to fire his attorney, and as a result the issue is not viable. *See David F., Sr.*, 1996-NMCA-018, ¶ 16; *see also Guerro*, 1999-NMCA-026, ¶ 26 (stating that a trial judge is warranted in

refusing an evidentiary hearing where the defendant's claims do not "state grounds for relief").

**{10}**   Further, to the extent Defendant raises ineffective assistance of counsel, we place the burden on defendant to establish that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M. 719, 204 P.3d 44. As to trial defense counsel's pretrial representation, Defendant acknowledges that there is no record below regarding Defendant's concerns. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance of counsel claim is first raised on direct appeal, we evaluate the facts that are part of the record."). To the extent he suggests that more effective counsel would have obtained or introduced surveillance tending to dispute probable cause, the record does not reveal whether such evidence actually existed and, if so, whether or not it was obtained as a part of the defense investigation or relevant to the defense. [MIO 25] Therefore, Defendant's argument is non-viable as it is more properly suited for a habeas corpus proceeding. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus proceeding.").

**{11}**   Defendant also argues that Defendant's trial counsel was ineffective in docketing the appeal and the matter should be placed on the general calendar to allow appellate counsel to review the record for purposes of raising any additional appellate issues. [MIO 31-36] This Court has reviewed the merits of the current appeal as a remedy for trial counsel's failure to timely notice and docket Defendant's appeal. *See State v. Garcia*, 2019-NMCA-056, ¶ 48, 450 P.3d 418 (noting that by this Court reaching the merits of his appeal, the defendant received "the remedy he was entitled to under the Sixth Amendment's right to effective assistance of counsel for appellate counsel's failure to perfect his original appeal"). This Court has additionally considered the viability of the issues raised in appellate counsel's memorandum in opposition. Defendant has therefore not been limited to consideration of the issues briefed in his original docketing statement nor bound by this Court's original proposed summary affirmance. To the extent Defendant now speculates that the record may illuminate additional appellate issues, which were not originally docketed due to ineffective assistance of counsel, we again reject Defendant's argument as non-viable and more properly suited for a habeas corpus proceeding. *See Roybal,* 2002-NMSC-027, ¶ 19; *State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (denying as not viable a defendant's claim that the defendants are denied effective assistance of counsel when state court procedures do not provide "an absolute right to pick through a transcript searching for unidentified error").

**{12}**   Accordingly, for the reasons stated above and in our amended notice of proposed disposition, we affirm Defendant's convictions and deny his motion to amend the docketing statement or to place the matter on general calendar for full transcript review.

**{13}** IT IS SO ORDERED.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**